UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEPHEN TELEMAQUE, | ) | |
| | ) | |
| Petitioner, | ) | Action No. 6:19-cv-156-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J.A. BARHART, Warden, | ) | **OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Stephen Telemaque has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In October 2015, Telemaque pleaded guilty in Miami, Florida to one count of conspiracy to possess with intent to distribute a controlled substance (ethylone, specifically) in violation of 21 U.S.C. § 846. Three months later the trial court imposed a 180-month sentence. Telemaque has challenged his conviction and sentence through numerous appeals, motions, and collateral attacks, without success. *United States v. Telemaque*, No. 1: 15-CR-20531-UU-1 (S.D. Fla. 2015).

In his initial motion for relief under 28 U.S.C. § 2255, Telemaque asserted that his counsel was ineffective. That motion was denied in October 2018. Two months later, Telemaque filed a motion for relief from that judgment, contending that his conviction was invalid under the Eleventh Circuit's recent decision in *United States v. Phifer*, 909 F. 3d 372 (11th Cir. 2018). In

*Phifer*, the Eleventh Circuit held that regulations promulgated by the Drug Enforcement Agency did not clearly indicate that ethylone constituted a positional isomer of butylone, and thus it was unclear whether ethylone was a controlled substance. The court of appeals therefore remanded the case to the district court to determine the generally accepted definition of a positional isomer. *Id*. at 382, 385-86. In his 60(b) motion, Telemaque argued that *Phifer* established that ethylone is not a controlled substance, rendering his conviction invalid. The trial court denied that motion, concluding that Telemaque's motion sought relief on a new legal ground and therefore that he needed permission to pursue it as a second or successive § 2255 motion.[1] Telemaque filed several appeals in that case. Some of them were dismissed on procedural grounds or for failure to prosecute. *Telemaque v. United States*, No. 1: 18-CV-23516-UU (S.D. Fla. 2018). But one of those appeals, which includes Telemaque's arguments under *Phifer*, remains pending. See *Telemaque v. United States*, No. 18-14757 (11th Cir. 2018) [Order of September 9, 2019].

Telemaque's current petition asserts the same argument that he previously asserted in his § 2255 motions and which is pending before the Eleventh Circuit: that under *Phifer* ethylone is not a controlled substance and thus he is actually innocent of violating Section 846. [R. 1-1] The Court will deny the petition as both premature and procedurally improper.

First, Telemaque may not seek relief in a § 2241 petition to assert a claim that he has asserted in § 2255 proceedings which remain pending. The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A

---

[1] In May 2019 Telemaque filed another § 2255 motion seeking relief under *Phifer*. The trial court denied that motion on September 5, 2019, because Telemaque had again failed to obtain permission from the Eleventh Circuit to file it. *Telemaque v. United States*, No. 1: 19-CV-22027-UU (S.D. Fla. 2019).

2

habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where § 2255(a) provides a remedy that is structurally inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Here, Telemaque's arguments under *Phifer* are currently pending in § 2255 proceedings before the Eleventh Circuit. Because those proceedings may render his *Phifer* claim in this proceeding moot, he must complete the process of seeking relief via § 2255 before he may make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

Second, Telemaque's claim under *Phifer* is not cognizable under § 2241. Because this claim challenges his § 846 conviction rather than his sentence, he must show that after his conviction became final, the Supreme Court issued a retroactively applicable decision interpreting the federal criminal statute under which the petitioner was convicted in such a manner that the conduct underlying the conviction is no longer criminal. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Charles v. Chandler*, 180 F. 3d 753, 756-58 (6th Cir. 1999). Telemaque relies upon *Phifer*, but that decision was issued by the Eleventh Circuit, not the United States Supreme Court. He has thus not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that he has been convicted of an offense that the law does not make criminal. Under *Wooten*, his claim is not properly before this Court. Even if this were not so, *Phifer* will not bear the weight Telemaque asks it to carry: the Eleventh Circuit has recently held that his argument is based upon a clear mischaracterization of *Phifer*'s holding: "Contrary to Telemaque's argument, *Phifer* did not hold that ethylone was not

3

a controlled substance based on the DEA's definition." *In re: Stephen Telemaque*, No. 19-12444-E (11th Cir. July 19, 2019). He therefore also fails to establish substantive grounds for relief.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Telemaque's petition for a writ of habeas corpus [R. 1].

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 17th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge